IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

ALBERTO MOLINA VARGAS,

Petitioner,

v.

MARK NOOTH, Superintendent of Snake River Correctional Institution,

Respondent.

Case No. 2:16-cv-00638-TC

**OPINION AND ORDER**

AIKEN, Judge:

On May 23, 2018, Magistrate Judge Coffin filed his Findings and Recommendation (F&R), finding that petitioner was not entitled to equitable tolling of the applicable statute of limitations and recommending that petitioner's case be dismissed with prejudice. Petitioner filed objections. I review *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

After reviewing the matter *de novo*, I find no error in Judge Coffin's reasoning. Petitioner asserts that he is entitled to equitable tolling of the one year statute of limitations for

Page 1 – OPINION AND ORDER

habeas petitions imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996. However, petitioner cannot establish that the alleged misconduct of his post-conviction relief ("PCR") attorney, even if proven, rises to the level required to constitute an "extraordinary circumstance." *See Holland v. Florida*, 560 U.S. 631, 651-52 (2010). Petitioner also cannot establish that the PCR attorney's purported misconduct caused petitioner to delay filing his habeas petition, not least because petitioner acted against the PCR attorney's allegedly bad advice. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) ("The prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness."). Nor can petitioner establish that he diligently pursued his habeas claims. *See Luna v. Kernan*, 784 F.3d 640, 649-50 (9th Cir. 2015). In short, petitioner's assertion that he is entitled to equitable tolling falls short in every respect.

Though Judge Coffin did not address petitioner's request for an evidentiary hearing in his F&R, rejection of that request is implicit in Judge Coffin's reasoning. Petitioner contends that he never consented to the PCR attorney withdrawing his state post-conviction petition. But respondent and petition agree that the PCR attorney *believed* he was acting with petitioner's consent. At best, the PCR attorney's conduct was an unfortunate misunderstanding and, at worst, "garden variety negligence." *Holland*, 560 U.S. at 633. Such negligence would not entitle petitioner to equitable tolling, even if proven. *Id.*; *see also Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005) (requiring "*wrongful* conduct" that "actually prevent[s]" the petitioner from filing a timely habeas petition). Moreover, even if the degree of the PCR negligence were in dispute, petitioner would still not be entitled to an evidentiary hearing because his claim fails on multiple additional grounds. Because petitioner is not entitled to

equitable tolling even when all his allegations are presumed to be true, there is no ground for holding an evidentiary hearing.

Finally, I deny petitioner's request for a Certificate of Appealability. Because of the multiple grounds on which petitioner's assertion of equitable tolling fails, "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

I ADOPT Judge Coffin's F&R (doc. 45). The petition for a writ of habeas corpus (doc. 2) is DENIED and this case is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 2nd day of August 2018.

Ann Aiken
United States District Judge